# EXHIBIT 4

CADES SCHUTTE
A Limited Liability Law Partnership

NICHOLAS C. DREHER        1299-0
COLIN O. MIWA             2997-0
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4212
Telephone: (808) 521-9200


FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2010 DEC -6 AM 10: 59

F. OTAKE
CLERK

Attorneys for Plaintiffs/Counterclaim Defendants/
Third-Party Defendants/Fourth-Party Defendants
BANK OF HAWAII, as agent for itself and for
CENTRAL PACIFIC BANK and FINANCE
FACTORS, LIMITED; BANK OF HAWAII;
CENTRAL PACIFIC BANK; and FINANCE
FACTORS, LIMITED

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| BANK OF HAWAII, as agent for itself and for CENTRAL PACIFIC BANK and FINANCE FACTORS, LIMITED; BANK OF HAWAII; CENTRAL PACIFIC BANK; and FINANCE FACTORS, LIMITED,<br><br>        Plaintiffs,<br><br>    v.<br><br>KE KAILANI DEVELOPMENT LLC, a Hawaii limited liability company; MICHAEL J. FUCHS, Individually; DIRECTOR OF FINANCE, REAL PROPERTY DIVISION, COUNTY OF HAWAII; KE KAILANI COMMUNITY ASSOCIATION; THE ASSOCIATION OF VILLA OWNERS OF KE KAILANI; MAUNA LANI RESORT ASSOCIATION; JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; DOE LIMITED LIABILITY COMPANIES 1-50; DOE ENTITIES 1-50; AND DOE GOVERNMENTAL UNITS 1-50,<br><br>        Defendants. | CIVIL NO. 09-1-2523-10 BIA (Foreclosure)<br><br>**PLAINTIFFS' MOTION FOR SUBSTITUTION OF PARTIES;**<br><br>**MEMORANDUM IN SUPPORT OF MOTION;**<br><br>**DECLARATION OF COUNSEL; EXHIBITS "A" – "D";**<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR SUBSTITUTION OF PARTIES;**<br><br>**NOTICE OF MOTION AND CERTIFICATE OF SERVICE**<br><br>**NON-HEARING MOTION**<br><br>No Trial Date Set<br><br>[Caption Continued on Next Page] |

# EXCERPTED

KE KAILANI DEVELOPMENT LLC, a
Hawaii limited liability company and
MICHAEL J. FUCHS, Individually,

        Counterclaimants,

    v.

BANK OF HAWAII, as agent for itself and
for CENTRAL PACIFIC BANK and
FINANCE FACTORS, LIMITED; BANK OF
HAWAII; CENTRAL PACIFIC BANK; and
FINANCE FACTORS, LIMITED; and DOES
A through J,

        Counterclaim
        Defendants,

---

KE KAILANI DEVELOPMENT LLC, a
Hawaii limited liability company and
MICHAEL J. FUCHS, Individually,

        Third-Party Plaintiffs,

    v.

MARY MILES MORRISON, Trustee under
the Mary Miles Morrison Trust dated
October 2, 1986,

        Third-Party Defendant,

    and

ASSOCIATION OF VILLA OWNERS OF KE
KAILANI; KE KAILANI COMMUNITY
ASSOCIATION; BENJAMIN R.
JACOBSON; ROBERT BATINOVICH;
STEPHEN B. and SUSAN L. METTER;
HARRY and BRENDA MITTELMAN;
UTALY, LLC; GORDON E. and BETTY I.
MOORE, Trustees; ROY and ROSANN
TANAKA; MICHAEL G. and LINDA E.
MUHONEN; MICHAEL O. HALE; BARRY
and CAROLYN SHAMES, Trustees;
KATONAH DEVELOPMENT LLC; DAVID
R. and HE GIN RUCH; NORTHERN TRUST
CORPORATION; BANK OF HAWAII, as
agent for itself and for CENTRAL PACIFIC

[Caption Continued on Next Page]

BANK and FINANCE FACTORS, LIMITED;
BANK OF HAWAII; CENTRAL PACIFIC
BANK; and FINANCE FACTORS, LIMITED;
DISPUTE PREVENTION AND
RESOLUTION; and DOES K through R,

> Third-Party Nominal
> Defendants,

KE KAILANI DEVELOPMENT LLC, a
Hawaii limited liability company and
MICHAEL J. FUCHS, Individually,

> Fourth-Party Plaintiffs,

> v.

MARY MILES MORRISON, Trustee;
BENJAMIN R. JACOBSON; NORTHERN
TRUST CORPORATION; BANK OF
HAWAII, as agent for itself and for
CENTRAL PACIFIC BANK and FINANCE
FACTORS, LIMITED; BANK OF HAWAII;
CENTRAL PACIFIC BANK; and FINANCE
FACTORS,

> Fourth-Party Defendants,

> and

ASSOCIATION OF VILLA OWNERS OF KE
KAILANI; KE KAILANI COMMUNITY
ASSOCIATION; STEPHEN B. and SUSAN
L. METTER; HARRY and BRENDA
MITTELMAN; UTALY, LLC; GORDON E.
and BETTY I. MOORE, Trustees; ROY and
ROSANN TANAKA; MICHAEL G. and
LINDA E. MUHONEN; MICHAEL O.
HALE; BARRY and CAROLYN SHAMES,
Trustees; KATONAH DEVELOPMENT LLC;
DAVID R. and HE GIN RUCH; and DOES S
through Z,

No Trial Date Set

> Fourth-Party Nominal
> Defendants.

3

## PLAINTIFFS' MOTION FOR SUBSTITUTION OF PARTIES

Plaintiffs/Counterclaim Defendants/Third-Party Defendants/Fourth-Party Defendants BANK OF HAWAII, as agent for itself and for CENTRAL PACIFIC BANK, and FINANCE FACTORS, LIMITED, and BANK OF HAWAII, CENTRAL PACIFIC BANK, and FINANCE FACTORS, LIMITED (individually and collectively, "Plaintiffs"), respectfully move this Honorable Court for an order in the form of the proposed order attached hereto, substituting KE KAILANI PARTNERS, LLC, in the place of Plaintiffs, as a party plaintiff herein.

This motion is made pursuant to Rules 7 and 25(c) of the Hawaii Rules of Civil Procedure, and is based on the pleadings, memorandum in support of this Motion, and the exhibits and declaration attached hereto.

DATED:  Honolulu, Hawaii, December _6_, 2010.

CADES SCHUTTE
A Limited Liability Law Partnership


NICHOLAS C. DREHER
COLIN O. MIWA
Attorneys for Plaintiffs/Counterclaim Defendants/
Third-Party Defendants/Fourth-Party Defendants
BANK OF HAWAII, as agent for itself and for
CENTRAL PACIFIC BANK and FINANCE
FACTORS, LIMITED; BANK OF HAWAII;
CENTRAL PACIFIC BANK; and FINANCE
FACTORS, LIMITED

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| BANK OF HAWAII, as agent for itself and for CENTRAL PACIFIC BANK and FINANCE FACTORS, LIMITED; BANK OF HAWAII; CENTRAL PACIFIC BANK; and FINANCE FACTORS, LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>KE KAILANI DEVELOPMENT LLC, a Hawaii limited liability company; MICHAEL J. FUCHS, Individually; DIRECTOR OF FINANCE, REAL PROPERTY DIVISION, COUNTY OF HAWAII; KE KAILANI COMMUNITY ASSOCIATION; THE ASSOCIATION OF VILLA OWNERS OF KE KAILANI; MAUNA LANI RESORT ASSOCIATION; JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; DOE LIMITED LIABILITY COMPANIES 1-50; DOE ENTITIES 1-50; AND DOE GOVERNMENTAL UNITS 1-50,<br><br>Defendants. | CIVIL NO. 09-1-2523-10 BIA (Foreclosure)<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |

## MEMORANDUM IN SUPPORT OF MOTION

**I.    INTRODUCTION.**

Plaintiffs/Counterclaim Defendants/Third-Party Defendants/Fourth-Party

Defendants BANK OF HAWAII ("BOH"), as agent for itself and for CENTRAL PACIFIC

BANK, and FINANCE FACTORS, LIMITED, and BANK OF HAWAII, CENTRAL PACIFIC

BANK, and FINANCE FACTORS, LIMITED (individually and collectively, "Plaintiffs"),

respectfully submit this memorandum in support of Plaintiffs' Motion For Substitution of Parties

(the "Motion"). The Motion requests that the Court enter an order substituting KE KAILANI PARTNERS, LLC, in the place of Plaintiffs, as a party plaintiff herein.

For the reasons set forth more fully below, and in the interest of judicial economy, this Court should grant Plaintiffs' Motion.

## II.    BACKGROUND.

The foreclosure action was commenced by Plaintiffs with the filing of their Complaint on October 27, 2009, against the borrower, Ke Kailani Development LLC ("Development"), the loan guarantor, Michael J. Fuchs ("Guarantor"), and other defendants. Plaintiffs' loan to Development was secured by, among other things, approximately 65.526 acres of land and a condominium development located in South Kohala, Hawaii (the "Mortgaged Property"), as described in the mortgages and other loan documents evidencing Plaintiffs' loans to Development and Plaintiffs' security interests in the Mortgaged Property (collectively, the "Loan Documents").

Pursuant to the Findings of Fact, Conclusions of Law, And Order Granting Plaintiffs' Motion For Summary Judgment And Decree of Foreclosure Filed April 22, 2010, a copy of which is attached hereto as Exhibit "A", based on the Loan Documents, summary judgment and a decree of foreclosure were entered in favor of Plaintiffs on September 1, 2010, pursuant to which the Mortgaged Property is to be sold via public auction and Plaintiffs are entitled to credit bid for the Mortgaged Property. The Commissioner, George Van Buren, Esq., has scheduled the public auction for January 6, 2011.

As set forth in the First Amended Judgment filed herein on November 15, 2010, a copy of which is attached hereto as Exhibit "B", all counterclaims, third-party claims, fourth-party claims, and cross-claims asserted against Plaintiffs in this action by Development, Guarantor, and all other parties, have been dismissed.

2

On or about November 30, 2010, Plaintiffs sold all of their interests in the Loan Documents to HAWAII RENAISSANCE BUILDERS, LLC, a Delaware limited liability company ("HRB"), as evidenced by the documents enclosed in the November 30, 2010 letter from HRB's counsel, Edward E. Case, to Development/Guarantor's counsel, Gary V. Dubin, a copy of which letter is attached hereto as Exhibit "C". On or about December 1, 2010, HRB transferred all of its interest in the Loan Documents to KE KAILANI PARTNERS, LLC, a Hawaii limited liability company ("KKP"), as evidenced by the document enclosed in the December 2, 2010 letter from Mr. Case to Plaintiffs' counsel, Colin O. Miwa, attached hereto as Exhibit "D".

Accordingly, this Motion requests entry of an order substituting KKP as a party plaintiff in the place of Plaintiffs, as KKP through HRB has been assigned all interests of Plaintiffs in the Loan Documents which are the basis of Plaintiffs' foreclosure claims.

## III. ARGUMENT.

Rule 25(c) of the Hawaii Rules of Civil Procedure states in pertinent part:

*Transfer of Interest.* In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.

Haw. R. Civ. P. 25(c) (italics in original).

Since the filing of this action, the interests of Plaintiffs under and pursuant to the Loan Documents have been transferred from Plaintiffs through HRB to KKP. See Exhibits "C" and "D" attached hereto. Given these changes, KKP should be substituted as a party plaintiff in place of Plaintiffs. See HRCP Rule 25(c). There is no prejudice to any of the other parties in this action if KKP is substituted as party plaintiff in place of the current Plaintiffs. Moreover, the granting of this Motion will assist in avoiding potential confusion which may result in the future

3

as a result of, for instance, a deficiency judgment being sought by parties (Plaintiffs) who no longer hold the pertinent promissory notes and personal guaranties.

## IV.    CONCLUSION.

For the foregoing reasons, it is respectfully requested that this Court grant the Motion.

DATED:  Honolulu, Hawaii, December 6, 2010.

CADES SCHUTTE
A Limited Liability Law Partnership


NICHOLAS C. DREHER
COLIN O. MIWA
Attorneys for Plaintiffs/Counterclaim Defendants/
Third-Party Defendants/Fourth-Party Defendants
BANK OF HAWAII, as agent for itself and for
CENTRAL PACIFIC BANK and FINANCE
FACTORS, LIMITED; BANK OF HAWAII;
CENTRAL PACIFIC BANK; and FINANCE
FACTORS, LIMITED

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| BANK OF HAWAII, as agent for itself and for CENTRAL PACIFIC BANK and FINANCE FACTORS, LIMITED; BANK OF HAWAII; CENTRAL PACIFIC BANK; and FINANCE FACTORS, LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>KE KAILANI DEVELOPMENT LLC, a Hawaii limited liability company; MICHAEL J. FUCHS, Individually; DIRECTOR OF FINANCE, REAL PROPERTY DIVISION, COUNTY OF HAWAII; KE KAILANI COMMUNITY ASSOCIATION; THE ASSOCIATION OF VILLA OWNERS OF KE KAILANI; MAUNA LANI RESORT ASSOCIATION; JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; DOE LIMITED LIABILITY COMPANIES 1-50; DOE ENTITIES 1-50; AND DOE GOVERNMENTAL UNITS 1-50,<br><br>Defendants. | CIVIL NO. 09-1-2523-10 BIA (Foreclosure)<br><br>**DECLARATION OF COUNSEL** |

## **DECLARATION OF COUNSEL**

I, COLIN O. MIWA, hereby declare as follows:

1.     I am an attorney with the law firm of Cades Schutte, attorneys for

Plaintiffs/Counterclaim Defendants/Third-Party Defendants/Fourth-Party Defendants BANK OF

HAWAII ("BOH"), as agent for itself and for CENTRAL PACIFIC BANK and FINANCE

FACTORS, LIMITED; BANK OF HAWAII; CENTRAL PACIFIC BANK; and FINANCE

FACTORS, LIMITED (individually and collectively, "Plaintiffs") in the above-entitled action,

and am authorized and competent to make this declaration which is based upon my personal knowledge unless otherwise indicated.

2.      Attached hereto as Exhibit "A" is a true and correct copy of the Findings of Fact, Conclusions of Law, And Order Granting Plaintiffs' Motion For Summary Judgment And Decree of Foreclosure Filed April 22, 2010, filed herein on September 1, 2010.

3.      Attached hereto as Exhibit "B" is a true and correct copy of the First Amended Judgment, filed herein on November 15, 2010.

4.      Attached hereto as Exhibit "C" is a true and correct copy of a letter from Edward E. Case, Esq. to Gary V. Dubin, Esq., dated November 30, 2010.

5.      Attached hereto as Exhibit "D" is a true and correct copy of a letter from Mr. Case to the undersigned dated December 2, 2010.

I declare under penalty of perjury under the laws of the State of Hawaii and the United States that the foregoing is true and correct.

DATED:  Honolulu, Hawaii, December _6_, 2010.

_____
COLIN O. MIWA



**B**AYS
**D**EAVER
**L**UNG
**R**OSE
**H**OLMA
Attorneys at Law

16th Floor • Ali'i Place
1099 Alakea Street
Honolulu, Hawai'i 96813

P.O. Box 1760
Honolulu, Hawai'i 96806

Tel: (808) 523-9000
Fax: (808) 533-4184
E-mail: mail@legalhawaii.com
www.legalhawaii.com

A. Bernard Bays
Harvey J. Lung
Crystal K. Rose
Karin L. Holma
Bruce D. Voss
Craig P. Wagnild
Ryan H. Engle
Michael C. Carroll

A Partnership of
Law Corporations

Of Counsel:
Phillip L. Deaver
Edward E. Case
J.P. Schmidt

Sharon E. Har
Adrian L. Lavarias
Sarah M. Love
Lori N. Tanigawa
Matthew C. Shannon
Christian D. Chambers
David R. Major
Bart W. Howk
Laurie A. Wong
Aaron F. Gross

Jason N. Baba
(1957-2001)

November 30, 2010

Via E-Mail (gdubin@dubinlaw.net)
and Hand Delivery

Gary V. Dubin, Esq.
Dubin Law Offices
Harbor Court, Suite 3100
55 Merchant Street
Honolulu, Hawaii 96813

Re: Ke Kailani; Assignment and Assumption of Loans

Dear Mr. Dubin:

This office represents Hawaii Renaissance Builders, LLC ("HRB") and you represent Ke Kailani Development LLC and Michael J. Fuchs ("KKD" and "Fuchs", respectively).

As you know, KKD and/or Fuchs executed certain documents and entered into certain agreements with respect to two loans ("Loans") to KKD by Bank of Hawaii, Finance Factors, Limited and Central Pacific Bank ("Assignor"), repayment of which loans is secured by various mortgages, security agreements, fixture filings, assignments and other undertakings (collectively, "KKD Security") and personally guarantied by Fuchs ("Fuchs Guaranties"). The principal documents memorializing the Loans, KKD Security and Fuchs Guaranties are set forth on Exhibit A to the enclosed Omnibus Assignment and Assumption of Loan Documents ("Assignment").

The Assignment is effective as of today, November 30th. Simultaneously, an Assignment of Mortgages, Security Agreement and Fixture Filings in the form of the document also attached was dated and recorded today in the Bureau of Conveyances of the State of Haw`i together with other effectuating documents, copies of all of which with recording information will also be forwarded to you shortly.

**EXHIBIT C**

By these and related documents, all of Assignor's right, title and interest in, to and under the Loans and effectuating Loan Documents have been assigned, transferred and set over to and accepted and assumed by HRB. The purpose of this letter is to provide you and your clients with notice of such assignment and assumption and to advise and request you and your clients to direct any and all further communications with respect to the Loans to HRB (or a subsequent assignee in the event of and on further notice) through this office.

Without limitation, HRB or assignee will be substituted for Assignor as a party to that certain pending Hawaii Circuit Court of the First Circuit judicial foreclosure action captioned <u>Bank of Hawaii, et al. v. Ke Kailani Development, et al.</u> (Civil No. 09-1-2523-10 BIA) by means of the necessary filings to be made shortly. Please direct any further communications on behalf of KKD and Fuchs as parties to that action to this office.

Please let us know of any questions on these matters.

Sincerely,

Edward E. Case

EEC:lsg
Encs.
cc w/encs.:  Colin O. Miwa, Esq.
             Client

131965-1

## OMNIBUS ASSIGNMENT AND ASSUMPTION OF LOAN DOCUMENTS

THIS OMNIBUS ASSIGNMENT AND ASSUMPTION OF LOAN DOCUMENTS ("**Assignment**") is made and effective as of November 30 , 2010, by BANK OF HAWAII, a Hawaii banking corporation, CENTRAL PACIFIC BANK, a Hawaii banking corporation, and FINANCE FACTORS, LIMITED, a Hawaii corporation, BANK OF HAWAII in its capacity as Agent for Lender, ("**Assignor**"), in favor of HAWAII RENAISSANCE BUILDERS, LLC, a Delaware limited liability company (itself or its assigns, "**Assignee**").

RECITALS

A.      Pursuant to that certain Mortgage Loan Purchase and Sale Agreement dated as of November 23, 2010, executed by and between Assignor and Assignee (the "**Agreement**"), Assignor is conveying to Assignee all of its right, title and interest in and to the Loans, the Notes, and the documents listed on Exhibit A attached hereto and all other documents evidencing and/or securing the Loans, including but not limited to the Guaranties (collectively, as amended, renewed, extended or restated from time to time, the "**Loan Documents**"). Initially capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Agreement.

NOW, THEREFORE, in accordance with the provisions of the Agreement and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged:

SECTION 1.   Assignment and Assumption.

Assignor hereby assigns, transfers and sets over to Assignee, WITHOUT RECOURSE AND WITHOUT REPRESENTATION OR WARRANTY, all of Assignor's right, title and interest in, to and under the Loan Documents.  Assignee hereby accepts and assumes all of Assignor's right, title and interest in, to and under the Loan Documents.

SECTION 2.   Allonge and Assignment of Mortgages.

Prior to or concurrently herewith, Assignor has delivered to Assignee, among other things, the originals of the Notes together with an Allonge endorsement thereto executed by Assignor, WITHOUT RECOURSE AND WITHOUT REPRESENTATION OR WARRANTY, and recordable assignments of the beneficial interests under the Mortgages and Assignments of Sales Contracts executed and acknowledged by Assignor and assignments of the UCC-1 Financing Statement included in the Loan Documents executed by Assignor.

SECTION 3.   Counterparts; Facsimiles.

This Assignment may be executed in multiple counterparts each of which shall be an original but all of which together shall constitute but one and the same document.  A copy of an executed counterpart of this Agreement transmitted by facsimile or other similar electronic transmission service shall be considered an original executed counterpart for purposes of this Section 3.

SECTION 4. <u>Binding Effect</u>.

This Assignment is binding upon Assignor and Assignee, each of their successors and permitted assigns, and inures to the benefit of Assignor and Assignee, each of their successors and permitted assigns.

**ASSIGNOR:**

BANK OF HAWAII

By _Bua H. Uemu_____
Its _VICE PRESIDENT_

CENTRAL PACIFIC BANK

By_____
Its

FINANCE FACTORS, LTD.

By_____
Its

By_____
Its

("Lender")

BANK OF HAWAII

By _Bua H. Uemu_____
Its _VICE PRESIDENT_

("Agent")

**ASSIGNEE:**

HAWAII RENAISSANCE BUILDERS, LLC

By: _____
Its

2

## SECTION 4. Binding Effect.

This Assignment is binding upon Assignor and Assignee, each of their successors and permitted assigns, and inures to the benefit of Assignor and Assignee, each of their successors and permitted assigns.

### ASSIGNOR:

BANK OF HAWAII

By_____
   Its

CENTRAL PACIFIC BANK

By _Mark P. Steiner_____
   Its VICE PRESIDENT

FINANCE FACTORS, LTD.

By_____
   Its

By_____
   Its

                                           ("Lender")

BANK OF HAWAII

By_____
   Its

                                           ("Agent")

### ASSIGNEE:

HAWAII RENAISSANCE BUILDERS, LLC

By: _____
   Its

2

SECTION 4.  Binding Effect.

This Assignment is binding upon Assignor and Assignee, each of their successors and permitted assigns, and inures to the benefit of Assignor and Assignee, each of their successors and permitted assigns.

**ASSIGNOR:**

BANK OF HAWAII

By_____
   Its

CENTRAL PACIFIC BANK

By_____
   Its

FINANCE FACTORS, LTD.

By_____
   Its   **SENIOR VICE PRESIDENT**

By_____
   Its   **VICE PRESIDENT**

                       ("Lender")

BANK OF HAWAII

By_____
   Its

                       ("Agent")

**ASSIGNEE:**

HAWAII RENAISSANCE BUILDERS, LLC

By: _____
   Its

## SECTION 1. Binding Effect.

This Assignment is binding upon Assignor and Assignee, each of their successors and permitted assigns, and inures to the benefit of Assignor and Assignee, each of their successors and permitted assigns.

**ASSIGNOR:**

BANK OF HAWAII

By_____
    Its

CENTRAL PACIFIC BANK

By_____
    Its

FINANCE FACTORS, LTD.

By_____
    Its

By_____
    Its

("Lender")

BANK OF HAWAII

By_____
    Its

("Agent")

**ASSIGNEE:**

HAWAII RENAISSANCE BUILDERS, LLC

By: _____
    Its  VP

## EXHIBIT A TO OMNIBUS ASSIGNMENT AND ASSUMPTION OF LOAN DOCUMENTS

### LOAN DOCUMENTS

1. Loan Agreement, dated July 6, 2005 (as amended, the "**Infrastructure Loan Agreement**")

2. Amended and Restated Note, dated July 31, 2006 (as amended, the "**Infrastructure Note**")

3. Loan Agreement (as amended, the "**Villas Loan Agreement**")

4. Note dated July 31, 2006 (as amended, the "**Villas Note**")

5. Mortgage, Security Agreement, and Financing Statement dated July 6, 2005, made by Borrower, as Mortgagor, in favor of Agent, as Mortgagee recorded in the Bureau of Conveyances of the State of Hawaii (the "**Bureau**") as Document No. 2005-152593, as amended (the "**Infrastructure Mortgage**")

6. Assignment of Sales Contracts and Sales Proceeds dated July 6, 2005, made by and between Borrower and Agent, recorded in the Bureau as Document No. 2005-152594, as amended (the "**Infrastructure Assignment**")

7. Financing Statement dated August 2, 2006, recorded in the Bureau as Document No. 2005-152595.

8. Mortgage, Security Agreement and Fixture Filing, dated July 31, 2006, made by Borrower, as Mortgagor, in favor of Agent, as Mortgagee, recorded in the Bureau as Document No. 2006-144291, as amended (the "**Villas Mortgage**")

9. Guaranty And Indemnification dated July 6, 2005, made by Michael J. Fuchs, as Guarantor, for the benefit of Bank of Hawaii, Central Pacific Bank and Finance Factors, Limited (the "**Infrastructure Guaranty**").

10. Guaranty And Indemnification dated July 31, 2006, made by Michael J. Fuchs, as Guarantor, for the benefit of Bank of Hawaii, Central Pacific Bank and Finance Factors, Limited (the "**Villas Guaranty**").

11. Assignment of Sales Contracts and Sales Proceeds dated July 31, 2006, made by and between Borrower and Agent, recorded in the Bureau as Document No. 2006-144292, as amended (the "**Villas Assignment**")

12. UCC-1 Financing Statement recorded in the Bureau of Conveyances of the State of Hawaii as Document No. 2006-144294

Return by  Mail (  )  Pickup (  )  To:

Total No. of Pages: ____

Tax Map Key Nos.

## ASSIGNMENT OF MORTGAGES, SECURITY AGREEMENTS AND FIXTURE FILINGS

**BANK OF HAWAII**, a Hawaii corporation, as Agent for Bank of Hawaii, Central Pacific Bank and Finance Factors, Limited, whose post office address is P.O. Box 2900, Honolulu, Hawaii 96846 (hereinafter called the **"Assignor"**) in consideration of the sum of Ten Dollars ($10.00) and other valuable consideration to the Assignor paid, the receipt of which is hereby acknowledged, does hereby assign, transfer and set over, WITHOUT RECOURSE, REPRESENTATION OR WARRANTY, unto **HAWAII RENAISSANCE BUILDERS, LLC,** a Delaware limited liability company, having a principal place of business and post office address at 737 Bishop Street, Mauka Tower, Suite 2750, Honolulu, Hawaii 96813 (hereinafter called the "Assignee"), and its successors and assigns, all right, title and interest of the Assignor in and to:

(1)     That certain Mortgage, Security Agreement And Financing Statement dated July 6, 2005, recorded in the Bureau of Conveyances of the State of Hawaii (the "Bureau") as Document No. 2005-152593, as amended by instruments dated July 31, 2006, recorded in the Bureau as Document No. 2006-144285; dated February __, 2007, recorded in the Bureau as

Document No. 2007-031134; and dated May 6, 2007, recorded in the Bureau as Document No. 2007-087737;

(2)     That certain Assignment of Sales Contracts and Sales Proceeds dated July 6, 2005, recorded in the Bureau as Document No. 2005-152594, as amended by instruments dated January 31, 2006, recorded in the Bureau as Document No. 2006-144287; dated February __, 2007, recorded in the Bureau as Document No. 2007-031134; and dated May 6, 2007, recorded in the Bureau as Document No. 2007-087738;

(3)     That certain Mortgage, Security Agreement And Fixture Filing dated July 31, 2006, recorded in the Bureau of Conveyances of the State of Hawaii (the "Bureau") as Document No. 2006-144291, as amended by instrument dated February 15, 2007, recorded in the Bureau as Document No. 2007-031133;

(4)     That certain Assignment of Sales Contracts and Sales Proceeds dated July 31, 2006, recorded in the Bureau as Document No. 2006-144292, as amended by instrument dated February 15, 2007, recorded in the Bureau as Document No. 2007-031133 (collectively the "**Assigned Mortgage**"); and

(5)     All of the Assignor's right, title and interest in the real property described in the Assigned Mortgage and all of the Assignor's rights and remedies thereunder, and the benefit of all covenants and indemnities therein;

TO HAVE AND TO HOLD the same unto the Assignee and its successors and assigns, absolutely and forever.

The term "Assignor" as and when used herein shall mean and include the Assignor named above and the Assignor's successors and permitted assigns; the term "Assignee" as and when used herein shall mean and include the Assignee named above and the Assignee's successors and assigns.

If any provision of this Assignment is held to be invalid or unenforceable, such holding will not affect the validity or enforceability of the other provisions of this Assignment.

IN WITNESS WHEREOF, the Assignor has caused this instrument to be executed this _____ day of _____, 2010.

ASSIGNOR:          **BANK OF HAWAII,**
                   a Hawaii corporation, Agent for Bank of Hawaii, Central Pacific Bank and Finance Factors, Limited


By _Brian H. Uenra_____
Name: _Brian H. Uenra_
Title: _Vice President_

2

STATE OF HAWAII                    )
                                   ) SS.
CITY AND COUNTY OF HONOLULU         )

On this <u>24th</u> day of <u>November</u>, 2010, before me personally appeared <u>Brian H. Uemori</u>, to me personally known, who, being by me duly sworn or affirmed, did say that such person executed the foregoing instrument as the free act and deed of such person, and if applicable in the capacity shown, having been duly authorized to execute such instrument in such capacity.

Signature: *Bessie E. Chinen*

Print Name: <u>Bessie E. Chinen</u>
Notary Public, State of <u>Hawaii</u>

(Official Stamp or Seal)

My commission expires: <u>06/06/14</u>

## NOTARY CERTIFICATION STATEMENT

Document Identification or Description: Assignment of Mortgage, Security Agreement And Fixture Filing

☐ Doc. Date: _____ or ☒ Undated at time of notarization

No. of Pages: <u>3</u>        Jurisdiction: First Circuit
                            (in which notarial act is performed)

*Bessie E. Chinen*                    <u>11/24/10</u>
Signature of Notary              Date of Notarization and
                                 Certification Statement

<u>Bessie E. Chinen</u>                          (Official Stamp or Seal)
Printed Name of Notary

ImanageDB:1513735.1

3



BAYS
DEAVER
LUNG
ROSE
HOLMA

Attorneys at Law

16th Floor • Ali'i Place
1099 Alakea Street
Honolulu, Hawai'i 96813

P.O. Box 1760
Honolulu, Hawai'i 96806

Tel: (808) 523-9000
Fax: (808) 533-4184
E-mail: mail@legalhawaii.com
www.legalhawaii.com

A. Bernard Bays
Harvey J. Lung
Crystal K. Rose
Karin L. Holma
Bruce D. Voss
Craig P. Wagnild
Ryan H. Engle
Michael C. Carroll

A Partnership of
Law Corporations

Of Counsel:
Phillip L. Deaver
Edward E. Case
J.P. Schmidt

Sharon E. Har
Adrian L. Lavarias
Sarah M. Love
Matthew C. Shannon
Christian D. Chambers
David R. Major
Bart W. Howk
Aarin F. Gross

Jason N. Baba
(1957-2001)

December 2, 2010

Colin O. Miwa, Esq.
Cades Schutte LLP
Cades Schutte Bldg., Floor 10
1000 Bishop Street
Honolulu, Hawaii 96813

Re: Ke Kailani; *Bank of Hawaii, et al. v. Ke Kailani Development, et al.,*
(Civil No. 09-1-2523-10 BIA)

Dear Mr. Miwa:

This office represents Ke Kailani Partners, LLC ("KKP").

I attach hereto a true and correct copy of a December 1, 2010 Omnibus Assignment and Assumption of Loan Documents between Hawaii Renaissance Builders, LLC ("HRB") and KKP. By that document, HRB assigned to KKP and KKP assumed from HRB all right, title and interest in the "Loan Documents" as defined therein, which was the same right, title and interest assigned to and assumed by HRB by that certain document of the same name effective November 30, 2010 and executed by Bank of Hawaii, et al. as "Assignor".

Sincerely,

Edward E. Case

EEC:lsg
Enc.

132285

**EXHIBIT D**

## OMNIBUS ASSIGNMENT AND ASSUMPTION OF LOAN DOCUMENTS

This Omnibus Assignment and Assumption of Loan Documents ("**Agreement**") is made effective as of December 1, 2010 ("**Effective Date**") by Hawaii Renaissance Builders, LLC, a Delaware limited liability company ("**Assignor**"), and Ke Kailani Partners, LLC, a Hawaii limited liability company ("**Assignee**"). In this Agreement, the term "**Party**" means Assignor or Assignee as the context suggests, and the term "**Parties**" means Assignor and Assignee collectively.

The Parties agree as follows:

1.     <u>Assignment and Assumption</u>. Assignor assigns, transfers, and sets over to Assignee all of Assignor's right, title, and interest in the documents listed in <u>**Schedule 1**</u> ("**Loan Documents**"), all of which were assigned to Assignor by that certain Omnibus Assignment and Assumption of Loan Documents dated November 30, 2010 entered into by Assignor with Bank of Hawaii, a Hawaii banking corporation, Central Pacific Bank, a Hawaii banking corporation, Finance Factors, Limited, a Hawaii corporation, and Bank of Hawaii as an agent for the foregoing parties. Assignor makes this assignment without recourse, representation, or warranty to Assignee. Assignee accepts and assumes all of Assignor's right, title, and interest in the Loan Documents.

2.     <u>Allonge and Assignment of Mortgages</u>. Assignor will deliver to Assignee (a) allonge endorsements and the originals of the promissory notes included in the Loan Documents, (b) recordable assignments of the beneficial interests under the mortgages and assignments of sales contracts included in the Loan Documents, and (c) assignments of the UCC-1 financing statements included in the Loan Documents.

3.     <u>Indemnification</u>. Each Party will indemnify, defend, and hold harmless each other Party and its officers, directors, agents, and employees ("**Representatives**") from and against any and all demands, claims, and damages to persons or property, losses and liabilities (including reasonable attorney fees) arising out of, caused by, or directly or indirectly related to such Party's negligence or willful misconduct with respect to this Agreement or any Loan Document.

4.     <u>Miscellaneous</u>.

    (a)     <u>Definitions</u>. The bolding, capitalizing of initial letters, and enclosing of a word or phrase in quotation marks in this Agreement means that such word or phrase is defined by the surrounding text, as suggested by the context ("**Defined Terms**"). Unless otherwise stated or logically required by the context, each other use of a Defined Term with capitalized initial letters but without bolding and quotation marks incorporates the corresponding definition. An uncapitalized word or phrase is not a Defined Term and retains its common or legal term-of-art meaning, as applicable, notwithstanding that such word or phrase may contain the same text as a Defined Term.

    (b)     <u>Further Action</u>. The Parties will execute and deliver all documents, provide all information, and take or refrain from taking action as may be necessary or appropriate to achieve the purposes of this Agreement.

(c)    Binding Effect. This Agreement binds and inures to the benefit of the Parties and their successors, legal representatives, and permitted assignees.

(d)    Integration of Entire Agreement. This Agreement constitutes the final, entire agreement among the Parties pertaining to the subject matter of this Agreement, and supersedes all prior agreements and understandings pertaining to this Agreement.

(e)    Waiver. A failure by a Party to require strict performance of any provision of this Agreement, or to exercise any right or remedy arising because of a breach, is not a waiver of such breach or any other covenant, duty, agreement, or condition. Any extension or waiver by any Party of any provision in this Agreement will be valid only if set forth in a writing signed by such Party.

(f)    Amendment. This Agreement may not be amended or modified except by a written instrument executed by all of the Parties.

(g)    Severability. If any provision of this Agreement is determined to be invalid, illegal, or unenforceable in any respect for any reason, the validity, legality, and enforceability of such provision in every other respect and the remaining provisions of this Agreement will not, at the election of the Party for whose benefit the provision exists, be in any way impaired.

(h)    Counterparts. The Parties may separately execute this Agreement in counterparts, all of which together will be an agreement binding on all the Parties, notwithstanding that all signatories did not sign the original or the same counterpart. Signature pages may be delivered personally or by facsimile, email, or certified or registered mail.

(i)    Applicable Law. The Parties intend for this Agreement to be governed by and interpreted according to the internal laws of the State of Hawaii, without regard to the principles of conflicts of law.

(j)    Disputes. The Parties will bring all actions in law, equity, or otherwise arising under this Agreement, or related to the transactions contemplated in this Agreement and which are not otherwise required to be arbitrated, exclusively in the federal or state courts of Hawaii, and in no other jurisdiction or venue. Each Party consents to the jurisdiction of such courts.

(k)    Further Representation. Each Party acknowledges and represents that it (1) was (if desired) represented by its own legal counsel in the negotiation and execution of this Agreement, (2) had the opportunity to seek advice regarding its legal rights from such counsel, and (3) is (regardless of whether independent legal counsel was sought) not relying on any representation or statement made by any other Party or any other Party's legal counsel in entering into this Agreement.

(l)    Drafting. No provision of this Agreement may be interpreted for or against any Party on the basis that it drafted such provision, and no presumption or burden of proof may arise disfavoring or favoring any Party because of the authorship of any of the provisions of this Agreement.

Each Party is executing this Agreement to be effective as of the Effective Date.

Hawaii Renaissance Builders, LLC

_____
Steven W. Colón, Vice President

Ke Kailani Partners, LLC

By: Hawaii Renaissance Builders, LLC, its Member

_____
Steven W. Colón, Vice President

*Signature page to Omnibus Assignment and Assumption of Loan Documents*

## Schedule 1

1.      Loan Agreement dated July 6, 2005 for the maximum principal amount of $42,000,000, originally made by Bank of Hawaii, Central Pacific Bank, and Finance Factors, Limited as lenders, Bank of Hawaii as an agent for the lenders, and Ke Kailani Development LLC and Ke Kailani Corp. as borrowers

2.      Amended and Restated Note dated July. 31, 2006 in the original principal amount of $26,490,000 made by Ke Kailani Development LLC and Ke Kailani Corp.

3.      Mortgage, Security Agreement, and Financing Statement dated July 6, 2005, made by Ke Kailani Development, as Mortgagor, in favor of Bank of Hawaii, as agent for Bank of Hawaii, Central Pacific Bank, and Finance Factors, Limited, as Mortgagee, recorded in the Bureau of Conveyances of the State of Hawaii ("**Bureau**") as Document No. 2005-152593

4.      Assignment of Sales Contracts and Sales Proceeds dated July 6, 2005, made by Ke Kailani Development LLC in favor of Bank of Hawaii, as agent for Bank of Hawaii, Central Pacific Bank, and Finance Factors, Limited, as Mortgagee, recorded in the Bureau as Document No. 2005-152594

5.      Financing Statement dated August 2, 2005, recorded in the Bureau as Document No. 2005-152595

6.      Guaranty And Indemnification dated July 6, 2005, made by Michael J. Fuchs, as Guarantor, for the benefit of Bank of Hawaii, Central Pacific Bank, and Finance Factors, Limited

7.      Loan Agreement dated July 31, 2006 for the maximum principal amount of $28,372,500, originally made by Bank of Hawaii, Central Pacific Bank, and Finance Factors, Limited as lenders, Bank of Hawaii as an agent for the lenders, and Ke Kailani Development LLC and Ke Kailani Corp. as borrowers

8.      Note dated July 31, 2006 in the original principal amount of $28,372,500 made by Ke Kailani Development LLC and Ke Kailani Corp.

9.      Mortgage, Security Agreement and Fixture Filing, dated July 31, 2006, made by Ke Kailani Development LLC, as Mortgagor, in favor of Bank of Hawaii, as agent for Bank of Hawaii, Central Pacific Bank, and Finance Factors, Limited, as Mortgagee, recorded in the Bureau as Document No. 2006-144291

10.     Assignment of Sales Contracts and Sales Proceeds dated July 31, 2006, made by Ke Kailani Development LLC in favor Bank of Hawaii, as agent for Bank of Hawaii, Central Pacific Bank, and Finance Factors, Limited, as Mortgagee, recorded in the Bureau as Document No. 2006-144292

*(continued on next page)*

11.     UCC-1 Financing Statement recorded in the Bureau as Document No. 2006-144294

12.     Guaranty And Indemnification dated July 31, 2006, made by Michael J. Fuchs, as Guarantor, for the benefit of Bank of Hawaii, Central Pacific Bank, and Finance Factors, Limited

All as may have been amended and as assigned

**End of Schedule 1**