RUSH MOORE LLP
A Limited Liability Law Partnership
SUSAN TIUS                     2873-0
737 Bishop Street, Ste. 2400
Honolulu, Hawaii 96813-3862
Telephone No.: (808) 521-0406
Facsimile No.: (808) 521-0497
E-mail: stius@rmhawaii.com

STARN O'TOOLE MARCUS & FISHER
A Law Corporation
TERENCE J. O'TOOLE        1209-0
SHARON V. LOVEJOY         5083-0
RICHARD J. WALLSGROVE 9054-0
733 Bishop Street, Suite 1900
Honolulu, Hawaii 96813
Ph: (808) 537-6100
E-mail: Totoole@starnlaw.com
E-mail: Slovejoy@starnlaw.com
E-mail: Rwallsgrove@starnlaw.com

Attorneys for KE KAILANI PARTNERS, LLC

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>KE KAILANI DEVELOPMENT LLC,<br><br>Debtor. | Case No. 11-00019<br>(Chapter 11)<br><br>SECURED CREDITOR KE KAILANI PARTNERS, LLC'S **MOTION FOR DETERMINATION THAT KE KAILANI DEVELOPMENT LLC IS A SINGLE ASSET REAL ESTATE DEBTOR**, SUBJECT TO 11 U.S.C. § 362(d)(3); MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF RICHARD J. WALLSGROVE |

482181.2

Date: March 14, 2011
Time: 9:30 a.m.
Judge: Honorable Robert J. Faris

# SECURED CREDITOR KE KAILANI PARTNERS, LLC'S MOTION FOR DETERMINATION THAT KE KAILANI DEVELOPMENT LLC IS A SINGLE ASSET REAL ESTATE DEBTOR, SUBJECT TO 11 U.S.C. § 362(d)(3)

Secured Creditor KE KAILANI PARTNERS LLC ("Ke Kailani Partners") moves this Court as follows:

1. For a determination that KE KAILANI DEVELOPMENT LLC, "Debtor" in the above-titled action, is a "single asset real estate" debtor, as defined in 11 U.S.C. § 101(51B); and

2. For entry of an Order requiring that the Debtor comply with the requirements of 11 U.S.C. § 362(d)(3).

This Motion is based upon 11 U.S.C. §§ 101(51 B) and 362(d)(3), Rule 9013 of the Federal Rules of Bankruptcy Procedure, the Memorandum in Support of Motion, Declaration in Support of Motion, the pleadings and the record herein, and such other and further matters as may be presented herein.

DATED: Honolulu, Hawaii, January 28, 2011.

/s/Susan Tius
SUSAN TIUS

/s/ Sharon Lovejoy
TERENCE J. O'TOOLE
SHARON V. LOVEJOY
RICHARD J. WALLSGROVE

Attorneys for KE KAILANI
PARTNERS LLC

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| In re | Case No. 11-00019 |
|---|---|
| KE KAILANI DEVELOPMENT LLC, | (Chapter 11) |
| Debtor. | MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

Secured Creditor KE KAILANI PARTNERS LLC ("**Ke Kailani Partners**"), by and through its attorneys, submits this Memorandum in Support of Secured Creditor Ke Kailani Partners, LLC's Motion for Determination That Ke Kailani Development LLC ("**Debtor**") Is a Single Asset Real Estate Debtor, Subject to 11 U.S.C. § 362(d)(3).

### I. INTRODUCTION AND SUMMARY

Debtor's bankruptcy Petition, Schedules and Statement of Financial Affairs evidence that Debtor's only property is a single real estate, luxury residential development project known as the Ke Kailani subdivision, located on the Island of Hawaii (the "**Project**"). As such, Debtor meets the criteria of a "single asset real estate" debtor, as defined under 11 U.S.C. § 101(51B).

Debtor owes Ke Kailani Partners approximately $29 million. Under the loan documents, Debtor's obligations to Ke Kailani Partners are secured by a first

482181.2

priority lien encumbering Debtor's interest in the Project. A foreclosure decree and judgment covering the Project was entered by the First Circuit Court, State of Hawaii, in September 2010. Debtor filed its bankruptcy case on January 5, 2011, the eve of the foreclosure auction.

Ke Kailani Partners has filed a motion with this Court for relief from the automatic stay, to proceed in the foreclosure action, and with the Debtor's pending appeal of the foreclosure decree and judgment.[1] As more fully described in that motion, a relief from the stay is appropriate "for cause" under 11 U.S.C. § 362(d)(1), including: (1) Debtor's actions are eroding Ke Kailani Partners' interest in the mortgaged property; and (2) there is every indicia that Debtor's bankruptcy filing was a bad faith filing intended to interfere with the foreclosure decree and judgment, without Debtor posting the necessary bond in the state court to stay the foreclosure auction, confirmation and closing pending the processing of the appeal.

In addition[2] to the previous motion for relief from the stay, Ke Kailani Partners files this Motion to confirm that Debtor is a "single asset real estate"

---

[1] See Ke Kailani Partners' Motion for Relief From Stay to Proceed with Foreclosure Action and Appeal, filed January 25, 2011. The relief requested included a allowing Ke Kailani Partners to exercise its rights with respect to the mortgaged property, and to proceed as appellee in the pending appeal filed by Debtor, such as seeking Debtor's posting of a bond during the pendency of the appeal if Debtor wishes to stay the foreclosure auction.

[2] The Ninth Circuit Court of Appeals has held that relief under subsection 362(d)(3) does not preclude relief under 362(d)(1) or (2). See infra, Section III(B) (citing In re Duvar Apt., Inc., 205 B.R. 196 (B.A.P. 9th Cir. 1996)). Thus, the fact that

2

debtor. As a "single asset real estate" debtor, Debtor is subject to the requirements of 11 U.S.C. § 362(d)(3). Under subsection 362(d)(3), when a single asset real estate debtor files for bankruptcy, the Court "shall grant relief from the stay," unless within the applicable time period:

> (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
>
> (B) the debtor has commenced monthly payments that are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate.

Ke Kailani Partners seeks an order that Debtor comply with these requirements.

## II. BRIEF FACTUAL BACKGROUND

A more detailed factual background of this matter is presented in Ke Kailani Partners' Motion for Relief From Stay to Proceed with Foreclosure Action and Appeal, filed January 25, 2011. The facts most relevant to this motion regarding Debtor's status as a "single asset real estate" debtor are briefly recounted here.

Debtor's Petition (filed January 5, 2011) and Schedules and Statement of Financial Affairs (filed January 19, 2011) confirm that Debtor's only property is its interest in the Project. The Project encompasses a luxury residential development of the Ke Kailani Subdivision on the Island of Hawaii -- 39 single family home lots, and 12 condominium units. Some lots/units have been sold. The remaining

---

Debtor is a "single asset real estate" debtor does not afford any measure of protection from its bad faith filing, nor its failure to provide adequate protection for Ke Kailani Partners' security interest in the Project.

lots/units comprise all of the Debtor's existing real property, consisting of its interest in approximately 28 unsold single-family home lots in the Project, along with two completed condo units and eight condominium units which have not yet been built (the Debtor's "**Real Property**"). Debtor has asserted a value of $43 Million for the Real Property.[3] The Debtor's basis for valuation of the Real Property is unknown.

Other than this Real Property, the only property identified by Debtor is $573,092 in personal property that is incidental to the Project.[4] This amounts to (a) furnishings for the Project's sales office, (b) an old construction trailer and water tank, and (c) models of the Project. The Debtor's basis for valuation of this incidental personal property is unknown.

It is readily apparent from Debtor's assertions of value, that Debtor's assets are overwhelmingly comprised only of the Real Property in the Project. Moreover, all of the scheduled creditor's claims identified by Debtor are claims related to the Project (e.g., unpaid property taxes, Association dues, Ke Kailani Partners' note and mortgage, development costs, etc.).[5] Debtor has no income, and no payroll.[6]

---

[3] See Debtor's Schedule A, filed January 19, 2011.

[4] See Debtor's Schedule B, filed January 19, 2011. Debtor also lists "Counter Claims on appeal."

[5] See Debtor's Schedules D, E, F, filed January 19, 2011.

[6] See Debtor's Statement of Financial Affairs, filed January 19, 2011.

4

It is clear, from Debtor's own filings, that its sole property and sole business activity is the Project. It is unclear why Debtor failed on the Petition to check the box identifying the nature of its business as "Single Asset Real Estate," and failed again in response to question 18(b) on its statement of financial affairs, given that Debtor clearly meets the criteria of a single asset real estate debtor.

## III. ARGUMENT

### A. The Project Falls Within the Definition of "Single Asset Real Estate" in 11 U.S.C. § 101(51B).

Under 11 U.S.C. § 101(51B):

> The term "single asset real estate" means real property constituting a single property or project . . . ,[7] which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental.

Under this definition, "single asset real estate" includes multiple properties that are linked together in some fashion in a common plan or scheme involving their use (i.e. a "project"). See, e.g., In re Rear Still Hill Road, L.L.C., 2007 WL 2935483 *4-5 (Bankr. D. Conn., No. 07-31556, Oct. 5, 2007) (unreported) (finding that two parcels constituted "single asset real estate" where the debtor planned to develop both parcels for single-family homes and sought regulatory approvals for the two parcels on a unified basis, even though the debtor planned to develop one parcel before the other one).

---

[7] "other than residential real property with fewer than 4 residential units"

Similarly, where the debtor owns a string of semi-detached homes, or tracts of real property for development of homes and condominiums, that constitutes a "single asset real estate" case. See In re Philmont Dev. Co., 181 B.R. 220, 224-25 (Bankr. E.D. Pa. 1995) ("the particular type of property in question here [a string of semi-detached houses] falls squarely within the purview of the statute"); Kara Homes, Inc. v. Nat'l City Bank, 363 B.R. 399, 404-06 (Bankr. D.N.J. 2007) (confirming that ownership of real property for the development of multiple homes and condominiums constituted a "single asset real estate" case).

As indicated in the statute's definition, property is not excluded from the definition merely because the debtor engages in activities incidental to the operation of the premises. For example, where a debtor plans, constructs, markets and maintains homes, such activities are "incidental" to the operation of the property. See Kara Homes, 363 B.R. at 406:

> The Affiliated Debtors, are in the business of constructing and selling single family homes on the parcels of real estate owned by the Affiliated Debtors. In order to build and sell homes, it is often necessary to acquire the land on which to build the homes, and plan the community in which they lie; likewise, it is necessary to market those homes for sale and maintain the properties. All of the activities identified by the Debtors as reflective of "business operations" are merely incidental to the Affiliated Debtors efforts to sell the these homes or condominium units and do not constitute substantial business . . . . Thus, the Court finds that the Affiliated Debtors fall within the definition of "single asset real estate" debtors and, as such, 11 USC § 362(d)(3) applies.

See also, e.g., In re 83- 84 116th Owners Corp., 214 B.R. 530 (Bankr. E.D.N.Y. 1997) (holding that the debtor, a 56-unit housing co-operative corporation, responsible for the management and maintenance of the units and which had a board of directors but no employees, was a single asset real estate case because the debtor did not have any other substantial business in which it engaged other than activities incidental to the premises).

Under the definition, Debtor meets all criteria for a "single asset real estate" debtor:

First, Debtor's Real Property consists only of the lots and units in the Ke Kailani Project, developed under the Debtor's common plan – it is a "single property or project."

Second, Debtor is not a family farmer.

Third, Debtor has no income, no payroll, and no personal property other than furnishings in the Project's sales office, and a construction trailer and water tank on the Project. Thus, it is apparent that Debtor conducts "no substantial business . . . other than the business of operating the real property and activities incidental."[8] Debtor intends (or intended) to hold the Real Property, develop it, and sell it at a profit. While the Real Property does not appear to currently generate income (there

---

[8] This is not a case in which Debtor can claim significant other business operations at the Project. Cf. Centofante v. CBJDev. Inc., 202 B.R. 467 (9th Cir. 1996) (holding debtor not subject to single asset real estate rules because hotel's gift shop, restaurant and bar constituted significant other business).

7

have been no recent sales), courts recognize that undeveloped real property that generates no income falls within definition of "single asset real estate." See, e.g., In re Oceanside Mission Associates, 192 B.R. at 236 ("based on the statutory purpose of the new sections, the limited legislative history, the usage of the term 'single asset real estate' in prior case law and the fact that excluding raw land would simply not make sense, this Court concludes that 'single asset real estate' includes undeveloped real property which generates no income").

In sum, Debtor's own filings demonstrate that its only asset and only business is the Project. Therefore, this is plainly a "single asset real estate" case.

## B. Single Asset Real Estate Bankruptcies Are Subject to an Expedited Reorganization Track Under 11 U.S.C. 362(d)(3).

11 U.S.C. § 362(d)(3)[9] provides an expedited reorganization track for "single asset real estate" bankruptcies. The debtor has until the later of 90 days after entry of the order for relief, or 30 days after the bankruptcy court determines that the bankruptcy is a single asset real estate case, to either: (i) file a reorganization plan

---

[9] 11 U.S.C. 363(d)(3) provides as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

. . .

(3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later—

(A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

(B) the debtor has commenced monthly payments that—

(i) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and

(ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate;

that has a reasonable possibility of being confirmed within a reasonable time; or (ii) commence monthly payments to the secured creditor in an amount equal to interest at the then-applicable non-default contract rate of interest on the value of the collateral. See, e.g., In re Kara Homes, 363 B.R. at 407.

The purpose of § 362(d)(3) is to address perceived abuses in single asset real estate cases, in which debtors have attempted to delay mortgage foreclosures even when there is little chance that they can reorganize successfully. See S. Rep. No. 168, 103d Cong., 1st Sess. (1993) ("This amendment will ensure that the automatic stay provision is not abused, while giving the debtor an opportunity to create a workable plan of reorganization."); 140 Cong. Rec. 10764 (daily ed. October 4, 1994), reprinted in App. Pt. 9(b) (statements of Rep. Brooks, chairperson of the House Judiciary Committee) ("Without bankruptcy reform, companies, creditors, and debtors alike will continue to be placed on endless hold until their rights and obligations are adjudicated under the present system--and that slows down new ventures, new extensions of credit and new investments."); see also NationsBank, N.A. v. LDN Corp. (In re LDN Corp.), 191 B.R. 320, 327 (Bankr. E.D. Va. 1996) (section 362(d)(3) "was enacted to assist secured creditors in single asset real estate cases").

Subsection 362(d)(3) expedites such cases by requiring that the Court grant relief from the stay if a reasonable plan is not filed promptly or payments are not

commenced. Because this is a "single asset real estate" case, Debtor is subject to those requirements.

The Court may, of course, grant relief under subsection 362(d)(1) or (2)[10] when it is appropriate to do so. This is true even if the time period in subsection 362(d)(3) has not run. See In re Duvar Apt., Inc., 205 B.R. 196 (B.A.P. 9th Cir. 1996) ("The debtor argues that by adding subsection (3), Congress intended to provide only one statutory measure of relief from the automatic stay in single asset real estate cases. The debtor argues that § 362(d)(3) preempts the remainder of § 362(d). We disagree."). Thus, the determination that this is a "single asset real estate" case does not alter or effect Ke Kailani Partners' request for relief from stay in its previously filed motion (pursuant to subsection 362(d)(1)).

---

[10]  11 U.S.C. 363(d)(1) and (2) state:

   On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

   (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

   (2) with respect to a stay of an act against property under subsection (a) of this section, if—

      (A) the debtor does not have an equity in such property; and
      (B) such property is not necessary to an effective reorganization;

## IV. CONCLUSION

Debtor's only property is the Project, its only business is the Project, and all of the creditors' claims identified by Debtor arise from the Project. Ke Kailani Partners respectfully requests a determination that Debtor's is a "single asset real estate" debtor, and that Debtor is therefore subject to the requirements of 11 U.S.C. § 362(d)(3).

DATED: Honolulu, Hawaii, January 31, 2011.

/s/Susan Tius
SUSAN TIUS

/s/ Sharon Lovejoy
TERENCE J. O'TOOLE
SHARON V. LOVEJOY
RICHARD J. WALLSGROVE

Attorneys for KE KAILANI PARTNERS, LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| In Re | Case No. 11-00019 |
|---|---|
| KE KAILANI DEVELOPMENT LLC | (Chapter 11) |
| Debtor. | DECLARATION OF RICHARD J. WALLSGROVE IN SUPPORT OF MOTION |

**DECLARATION OF RICHARD J.
WALLSGROVE IN SUPPORT OF MOTION**

I, RICHARD J. WALLSGROVE, declare the following to be true and correct under penalty of law:

1. I am an attorney with the law firm of Starn O'Toole Marcus & Fisher, attorneys for secured creditor KE KAILANI PARTNERS, LLC in the above-entitled matter. I make this declaration based on personal knowledge except where otherwise indicated, and I am competent to testify to the matters stated herein.

2. I have reviewed the bankruptcy Petition (January 5, 2011), Schedules (January 19, 2011), and Statement of Financial Affairs (January 19, 2011), filed in this matter by Debtor KE KAILANI DEVELOPMENT LLC.

3. The descriptions of Debtor's information and statements in those filings, in the attached Memorandum in Support, are true and correct based on my review of Debtor's filings.

482181.2

DATED: Honolulu, Hawaii, January 31, 2011.

_____
Richard J. Wallsgrove