IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re | ) | CASE NO. 11-00019 |
|---|---|---|
| | ) | (Chapter 11) |
| KE KAILANI DEVELOPMENT LLC, | ) | |
| | ) | CHAPTER 11 PROPOSED PLAN OF |
| Debtor. | ) | REORGANIZATION [EXHIBIT "A"] |
| | ) | |

## CHAPTER 11 PROPOSED PLAN OF REORGANIZATION [EXHIBIT "A"]

COMES NOW Debtor KE KAILANI DEVELOPMENT, LLC ("KKD"), by and through its undersigned attorneys, and hereby submits the following Plan of Reorganization pursuant to its Disclosure Statement filed on March 28, 2011:

### A. Summary

1. This Plan of Reorganization ("Plan") under Chapter 11 of the Bankruptcy Code ("Code") proposes to pay 100% of all of the pre-petition and post-petition valid and Court-approved secured and unsecured debts of KKD from the pending refinanced reorganization of the Company.

2. All creditors should refer to KKD's Disclosure Statement, incorporated herein by this reference, which provides more detailed information regarding this Plan and the rights of creditors that has been circulated with this Plan.

3. Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. And if you do not have an attorney, you may wish to consult with one.

## B. The New Reorganized Company

4. Subject to the terms and conditions of the proposed reorganized Company, Michael Fuchs in consideration for KKD's receipt of new $42,000,000 refinancing has agreed to relinquish Ninety Five Percent (95%) of his issued and outstanding membership interests and rights in KKD to new Investors.

5. Mr. Fuchs is relinquishing his interest to assure that KKD has adequate capital to satisfy all valid secured and unsecured creditors and to assure adequate capital for the ongoing operations, development, construction and marketing activities of KKD.

6. The total loan to be provided shall be Twenty Six Million Dollars ($26,000,000) to be secured by all of the assets of KKD to be used to satisfy the valid secured and unsecured creditors of KKD. Creditors should carefully review the information pertaining to the new management team as set forth in KKD's Disclosure Statement.

7. Additionally, a new line of credit in the amount of Sixteen Million ($16,000,000) is to be established to be used for all of the reorganized KKD's ongoing operations, development, construction and marketing.

8. The new ownership team has furthermore agreed to deposit the amount of Five Hundred Thousand Dollars ($500,000) to be held by KKD's attorneys in their client trust account at First Hawaiian Bank within seven business days from March 28, 2011.

9. KKD and the new ownership team shall execute escrow Instructions mutually acceptable to both parties upon delivery of their earnest money deposit.

10. The closing of the loan and ownership change shall take place as mutually agreed by the Parties ("Closing Date"), subject to Bankruptcy Court approval and confirmation of this Plan of Reorganization.

## C. The Creation of a $26,000,000 Creditors' Fund

11. Under this Plan of Reorganization, a $26,000,000 Creditors' Fund will be established upon Plan confirmation to pay all valid creditors' debts, whether secured or unsecured, and the reorganized KKD will be discharged from this Chapter 11 Bankruptcy and its real property free and clear of all liens in accordance with KKD's accompanying Plan of Reorganization.

12. No distribution, however, will be made on account of a disputed claim unless such claim is allowed by a final non-appealable Bankruptcy Court Order. A disputed claim is a claim that has not been allowed or disallowed by such final non-appealable Order, and as to which either: (a) a proof of claim has been filed or deemed filed, and KKD or another party in interest has filed an objection; or (b) no proof of claim has been filed, and KKD has scheduled such claim as disputed, contingent, or unliquidated.

13. KKD will have the power and authority to settle and compromise a disputed claim with Bankruptcy Court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure, and KKD recommends Bankruptcy Court sponsored Mediation in the event of such claim objections following the claims bar date of May 12, 2011.

## D. General Provisions

14. *Definitions and Rules of Construction:* The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan of Reorganization and in the referenced Disclosure Statement.

15. *Effective Date of Plan:* The effective date of this Plan of Reorganization is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

16. *Severability:* If any provision in this Plan of Reorganization is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

17. *Binding Effect:* The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

18. *Captions:* The headings contained in this Plan of Reorganization are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

19. *Controlling Effect:* Unless a rule of law or procedure is supplied by federal law, including the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, the laws of the State of Hawaii shall govern this Plan of Reorganization and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

20. *Limited Liability Company Governance:* As required by § 1123(a)(6) of the Bankruptcy Code, the Articles of Formation and the Operating Agreement of KKD shall be amended to conform to the requirements and implementation of this Plan of Reorganization.

### D. Discharge

21. On the confirmation date of this Plan, KKD will be discharged from any debt that arose before confirmation of this Plan of Reorganization, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Bankruptcy Code, except that KKD will not be discharged of any debt: (a) imposed by this Plan; (b) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (c) of a kind specified in § 1141(d)(6)(B).

DATED: Honolulu, Hawaii; March 28, 2011.

GARY VICTOR DUBIN
JOHN D. WAIHEE III
FREDERICK J. ARENSMEYER
ANDREW R.TELLIO
Attorneys for Debtor
Ke Kailani Development LLC

KE KAILANI DEVELOPMENT LLC
Chapter 11 Debtor
By Michael J. Fuchs
Member